# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **TIMOTHY SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16CV00020 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **K-MART CORPORATION,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jeffrey W. Stowers, Jr., The Ratliff Law Firm, Cedar Bluff, Virginia, for Plaintiff; Danielle D. Giroux and Kathryn D. Jones, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, for Defendant.*

In this diversity action, the plaintiff seeks recovery for injuries he sustained when he slipped and fell on premises of a retail store. The plaintiff contends that the store owner was negligent by failing to keep the premises free from dangerous conditions of which it knew or should have known. Based on the undisputed facts, I will grant the defendant's Motion for Summary Judgment.

I.

The essential facts, taken from the summary judgment record and recited in the light most favorable to the nonmovant, are as follows.

On October 17, 2015, at approximately 6:15 p.m., the plaintiff, Timothy Smith, a citizen of Virginia, was shopping with his wife at the Kmart store in Cedar Bluff, Virginia. Kmart Corporation is incorporated in Michigan with its

principal place of business in Illinois. While walking down one of the aisles, Smith slipped on a puddle of liquid on the floor. The puddle of liquid was clear, odorless, and approximately two feet wide. The plaintiff injured his back as he fell into a shelf. Smith and his wife both deny seeing the substance on the floor prior to his fall.

At the time of the fall, no employees were in the aisle containing the spilled substance. Additionally, no employees were aware of the substance being on the floor prior to the incident. A manager on duty at the time of the incident prepared an incident report from information obtained by Smith.

At his deposition, Smith testified that he did not know how the liquid got onto the floor or how long it had been there. To Smith's knowledge, an employee who had been working in the nearby layaway department did not see the puddle until after Smith slipped.

Joshua Cruey, an employee of the defendant, had been working at the store on the day of the incident. Following Smith's fall, Cruey cleaned the spill and placed a warning sign next to the area. Cruey testified that employees were trained to clean up spills. In the six months that he worked at the store, he "maybe cleaned up two or three." Mem. in Opp'n to Def.'s Mot. for Summ. J. Ex. C, at 8, ECF No. 17-3. Cruey had seen spills in that area of the store before, but he testified that customers drop things in all areas of the store. There was no set inspection or

clean-up schedule during store hours, but employees "did a security scan once an hour." *Id.* at 9.

Cruey testified that he did not know how long the puddle had been on the floor before Smith's fall. During his deposition, Cruey had the follow exchange with plaintiff's counsel:

> Q   So it could have been there for ten minutes?
>
> A   Yeah
>
> Q   An hour?
>
> A   Probably — I doubt an hour. I would say 15 to 10 minutes.

*Id.* at 10. When defense counsel asked Cruey when he first learned of the spill, he replied that either Smith or his wife, or another sales associate, had told Cruey about the incident after it occurred. He stated that the area of the store in which Smith fell was not normally a high-traffic area. Asked to elaborate on how long the puddle had been present, Cruey testified, "I mean it could have been anything. I doubt that the spill would have been there that long without somebody paying attention to it, because we were very adamant on that." *Id.* at 16.

Following discovery, the defendant has moved for summary judgment in its favor. It argues that, pursuant to Virginia law, summary judgment is appropriate

because it had no knowledge or notice of the substance on the floor. The motion is ripe for decision, having been fully briefed by the parties.[1]

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party "need not produce evidence, but simply can argue that there is an absence of evidence by

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

which the nonmovant can prove his case." *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.,* 33 F.3d 390, 393 (4th Cir. 1994) (internal quotation marks and citations omitted). Summary judgment is not "a disfavored procedural shortcut," but rather is a valuable mechanism for excluding "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotations marks and citations omitted).

### III.

Virginia substantive law governs this diversity action. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). In Virginia, the law applicable to slip-and-fall cases is well settled. *See Winn-Dixie Stores, Inc. v. Parker,* 396 S.E.2d 649, 650 (Va. 1990). A land owner "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the invitee's safety." *Tate v. Rice,* 315 S.E.2d 385, 388 (Va. 1984). In the absence of any evidence tending to show that a landowner knew, or should have known by exercise of reasonable diligence, of the defect or unsafe condition, the landowner will not be liable for injuries caused by some defect or unsafe condition in the premises. *See Roll 'R' Way Rinks, Inc. v. Smith,* 237 S.E.2d 157, 161 (Va. 1977).

Case 1:16-cv-00020-JPJ-PMS   Document 21   Filed 02/02/17   Page 5 of 9   Pageid#: 256

The defendant argues that summary judgment is appropriate because it had no knowledge of any defect or hazardous condition, which in this case was the substance on the floor. In the absence of evidence showing that some affirmative conduct of the defendant caused the condition, the plaintiff must show that the defendant had actual or constructive knowledge of the condition. *Ashby v. Faison & Assocs., Inc.,* 440 S.E.2d 603, 605 (Va. 1994).

"In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.,* 434 S.E.2d 888, 889 (Va. 1993). The applicable standard is whether the defendant "knew or should have known, of the presence of the [defect] that caused [the plaintiff's] fall and failed to remove it within a reasonable time or to warn of its presence." *Ashby,* 440 S.E.2d at 605.

Here, Smith has produced no evidence that the defendant had actual knowledge or notice of the spilled substance on the floor. No employees were in the area of the spill at the time of the incident. Indeed, they first learned about the substance as a result of Smith's fall and were not aware of it prior to the incident. Therefore, the remaining issue is whether the defendant had constructive knowledge of the spilled substance prior to Smith's fall.

Constructive knowledge of a defect or dangerous condition on the premises may be established by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim,* 434 S.E.2d at 890. Here, Smith has produced no evidence as to when or how long the substance had been on the floor. Without any such evidence, Smith's claim must fail. *Id.*; *see also Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454 (4th Cir. 2004).

In the present case, neither Smith nor his wife saw the substance prior to his fall, and Smith does not know whether the substance was there at the time of his arrival. It is impossible to draw any positive inferences about when the substance first appeared on the floor or how much time had passed to allow the defendant an opportunity to discover it. Smith is unable to prove that the condition existed for a sufficient time to charge the defendant with constructive notice of it, and a jury could only reach such a conclusion "as the result of surmise, speculation and conjecture." *Colonial Stores, Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962).

Smith argues that the defendant should have known of the condition and taken steps to remove it or to warn others of its presence because spills had happened at the store before and had previously occurred in the area where Smith fell. "General knowledge of potential peril is insufficient" to establish actual or constructive notice under Virginia law. *Logan v. Boddie-Noell Enterprises,* No.

-7-

Case 1:16-cv-00020-JPJ-PMS  Document 21  Filed 02/02/17  Page 7 of 9  Pageid#: 258

4:11-cv-00008, 2012 WL 135284, *7 (W.D. Va. Jan. 18, 2012). In order to establish liability, a plaintiff must show that the defendant had notice of "the specific unsafe condition that injured her." *Hodge,* 360 F.3d at 453. In this case, the specific unsafe condition was the clear liquid on the floor. The defendant was not aware of the spill until after the incident occurred. The fact that the defendant was aware that spills had occurred before in the same general location where Smith fell does not change the fact that it did not have notice of the specific unsafe condition that caused Smith's injury. Therefore, any generalized knowledge about the frequency of spills is insufficient to prove notice in this case.

Smith further argues that because the spill had been on the floor for approximately fifteen minutes, constructive notice should be imputed to the defendant because it had existed for a sufficient length of time to charge its possessor with notice. *Grim,* 434 S.E.2d at 890. Smith's argument is factually incorrect. Smith claims that Cruey testified in his deposition that the spill had been on the floor for approximately fifteen minutes. However, Cruey actually testified that he did not know how long the liquid had been on the floor because he had not seen it before Smith fell. Only when he was asked to guess a specific amount of time did Cruey estimate fifteen minutes. This statement by Cruey was clearly nothing more than speculation. Smith has offered no evidence proving that the liquid was on the floor for any specific length of time.

Accordingly, Smith has failed to prove the prima facie element of notice, and I find that summary judgment must be awarded in favor of the defendant.[2]

IV.

It is therefore **ORDERED** that the defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED. A separate final judgment will be entered herewith.

ENTER: February 2, 2017

/s/ James P. Jones
United States District Judge

---

[2] The defendant also argues that Smith was contributorily negligent. However, because I am granting summary judgment in favor of the defendant based on its constructive notice argument, it is not necessary for me to decide whether the plaintiff's contributory negligence bars recovery. The defendant has also filed a motion to exclude certain expert testimony. Mot. to Exclude Pl.'s Expert Dr. Charles Vencille, ECF No. 18. In view of my ruling, it is not necessary to decide that motion.